UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS E. PETERSON, JR.,<br><br>            Defendant. | Mag. Case No. 07-179M |

### DETENTION MEMORANDUM

The Defendant, Thomas E. Peterson, Jr., has been charged by criminal complaint with possession with intent to distribute cocaine base, also known as crack, in violation of 21 U.S.C. § 841(a)(1). The government requested a detention hearing, which was held May 7, 2007. At the conclusion of the hearing, the Court found that Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 19 U.S.C. § 3142(i)(1).

### Findings of Fact

At the hearing, Peter Ward, an Investigator for the U.S. Park Police Narcotics and Vice Unit, testified for the Government. As a preliminary matter, Investigator Ward stated that he has made approximately 50 to 60 arrests involving crack cocaine, and is familiar with the drug's

usual pricing, packaging and distribution.

Investigator Ward testified that at approximately 7:00 a.m. on April 25, 2007, he and other law enforcement officers executed a search warrant at an apartment in Washington, D.C. Police encountered two male individuals during their search of the apartment. The first individual, a Mr. Barber, was found in the living room. The second individual, the Defendant, was located in one of the two bedrooms (called "Bedroom 1" by Investigator Ward).

Investigator Ward testified that the authorities then conducted a search of Bedroom 1. In that room, police seized many items, including the following: (1) 11 clear plastic baggies containing an off-white rock-like substance; (2) 11 very small Ziplock baggies, also containing the off-white substance; (3) numerous empty Ziplock bags; (4) loose crack cocaine alongside razor blades and a hollowed-out pen; (5) a digital scale; (6) rubber gloves; (7) several pieces of mail matter addressed to Defendant; and (8) over $400 in U.S. currency. The off-white substance found in the room collectively weighed approximately 41 grams (including its packaging) and field tested positive for cocaine base. The Investigator also testified that the plastic bags contained crack in different sizes; some of the bags were worth $20, while others were worth between $150 and $200. Investigator Ward also stated that, in his experience, razor blades, hollowed-out pens, digital scales, rubber gloves and Ziplock bags are all paraphernalia used in the sale or distribution of crack cocaine.

At the close of the hearing, the Court found probable cause to believe that the Defendant had committed a violation of 21 U.S.C. § 841(a)(1).

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no

condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook* , 780 F.2d 1185, 1188-89 (5th Cir. 1986).

When, as here, the Court finds probable cause to believe that a defendant has committed a violation of the Controlled Substances Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. 18 U.S.C. § 3142(e); *see also United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986) (holding that a grand jury indictment establishes probable cause sufficient to create a rebuttable presumption under § 3142(e)).

Here the government requested detention for the Defendant on the grounds that the Defendant posed a danger to the community and a risk of flight. In determining whether there are conditions of release which will reasonably assure the defendant's future presence in court or

assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention.  Defendant is charged with possession with intent to distribute cocaine base, a serious drug offense carrying a maximum prison sentence of ten years or more.

The second factor, the weight of the evidence, also favors detention.  The government has strong evidence linking Defendant to the alleged drug offense.  Defendant was found by the authorities in a room containing about 41 grams of crack cocaine, as well as several items of paraphernalia indicating an intent to distribute or sell the drug.  In addition, several pieces of mail matter were found in the room that indicated that Defendant lived in the apartment.

The third factor, the history and characteristics of the Defendant, strongly favors detention.  According to the Pretrial Services report, Defendant has more than one conviction for escaping custody.  More significantly, however, Defendant was on both probation and pretrial release in two separate cases when police arrested him for the instant offense.  These facts leave the Court with no confidence that the Defendant will comply with any conditions of release imposed upon him in this case.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention.  Although the instant charges did not involve violent activity, cocaine base is a dangerous and illegal substance that causes violence in the

Washington, D.C. area.

## **Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. The Court also concludes by a preponderance of the evidence that no condition of combination of conditions can be imposed to reasonably assure the appearance of the Defendant as required. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Therefore, the government's motion for pretrial detention is granted.

Dated: May __10th__, 2007            _____/s/_____
                                                     ALAN KAY
                                                     UNITED STATES MAGISTRATE JUDGE